UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

:

CLEVELAND HOUSING RENEWAL            :
PROJECT                              :
                                     :        CASE NO. 1:08-CV-3003
          Plaintiff,                 :
                                     :
vs.                                  :        OPINION & ORDER
                                     :        [Resolving Doc. Nos. 43-1, 44-1]
DEUTSCHE BANK TRUST                  :
COMPANY, *et al.*                    :
                                     :
          Defendants.                :
                                     :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Defendants move this Court for reconsideration of its Opinion and Order abstaining from

this case, [Doc. 42,] asserting newly discovered evidence as grounds for the motion. [Doc. 43-1.]

Defendants also ask this Court to stay the entry of judgment and the certification of the remand

order pending resolution of the motion to reconsider. [Doc. 44-1.]

        In resolving these motions, this Court must decide whether to reconsider abstention or

stay certification of the remand order based on Defendants' newly discovered evidence of (1) an

alleged bias of the Cleveland Housing Court Judge and (2) a federal appropriation directed at

housing and foreclosure recovery.  Because Defendants have not shown that reconsideration is

appropriate, this Court **DENIES** both motions.

Case No. 1:08-CV-3003
Gwin, J.

## I.  Background

On March 26, 2009, this Court issued an Opinion and Order saying that it would abstain

from this case and then remanded the case to state court. [Doc. 42.] On April 9, 2009, Defendants

asked this Court to reconsider its remand order based on newly discovered evidence that they say

relates to abstention. [Doc. 43-2.] Along with this motion to reconsider, Defendants asked this

Court to stay certification of the remand order to state court until resolution of the motion to

reconsider. [Doc. 44-2.]

In moving for reconsideration, Defendants point to newly discovered evidence that they

say affects this Court's abstention analysis.  In its Opinion and Order on abstention, this Court

described the test for abstention:

> Reading *NOPSI* and *Quackenbush* together, they require *Burford*-type abstention
> where (1) timely and adequate state court review of the claim is available.  *Caudill,*
> 301 F.3d at 660.  If this review is available, a court must (2) identify the federal
> interest in adjudication of the class of case and the federal right in federal court.
> *Quackenbush*, 517 U.S. at 728.  Then the court must (3) identify the state interest
> in the subject matter of the litigation.  *Id.*  If the subject matter of the litigation
> involves (a) "difficult questions of state law bearing on policy problems of
> substantial public import whose importance transcends the result in the case then at
> bar," or (b) "state efforts to establish a coherent policy with respect to a matter of
> substantial public concern," and federal review would disrupt these state efforts,
> *NOPSI*, 419 U.S. at 361, then the balance will favor the state interest and require
> federal-court abstention.

[Doc. 42 at 20-21 (footnote removed).] Defendants say their new evidence affects two parts of

this analysis: the adequacy of state court review and the federal interest in this case.

In saying that the state court will not provide adequate review, Defendants direct this

Court to several statements made by the Cleveland Housing Court Judge that, Defendants say,

shows "apparent pre-judgment of Defendants' liability and potential bias." [Doc. 43-2 at 11.] In

Case No. 1:08-CV-3003
Gwin, J.

saying that the federal interest in this claim is strong, Defendants point to an appropriation of $2 billion to the Secretary of Housing and Urban Development in the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, 123 Stat. 115.  The Act instructs the Secretary to invest the appropriation in "emergency assistance for the redevelopment of abandoned and foreclosed homes."  *Id.*  This appropriation does not specifically mention Cleveland.

## II.  Standard of Adjudication of a Motion to Reconsider

The Sixth Circuit has held that district courts may treat a motion to reconsider under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.  *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).  Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose.  *See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment (1) to correct a clear error of law, (2) to address newly discovered evidence, (3) to address an interviewing change in controlling law, or (4) to prevent manifest injustice.  *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

## III.  Application

This Court holds that neither of the grounds advanced by Defendants warrants reconsideration.

First, if Defendants believe that the Cleveland Housing Court Judge is biased, the Ohio Legislature has established a procedure to remedy that.  O.R.C. § 2701.031.  Additionally, Ohio appellate courts have jurisdiction to review municipal court orders.  4 Ohio Jur. 3d Appellate

Case No. 1:08-CV-3003
Gwin, J.

REVIEW § 31(citing O.R.C. § 1901.30).  The state court system will provide timely and adequate review of this case.

Second, the federal government appropriation does not alter the result of this Court's abstention analysis.  The state has a strong interest in this local problem and a general national appropriation for housing assistance does not show that the federal government has an interest in the adjudication of this class of case in federal court.  Under *NOPSI* and *Quackenbush*, abstention is appropriate.

### IV.  Conclusion

For the reasons stated above, and for the reasons stated in this Court's Opinion and Order on abstention, this Court **DENIES** Defendants' motion for reconsideration and motion to stay the remand pending adjudication of the motion for reconsideration.

Further, pursuant to 28 U.S.C. § 1447(c), this Court orders that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court."  28 U.S.C. § 1447(c).

IT IS SO ORDERED.


Dated: April 16, 2009                    *s/    James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICTJUDGE