UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
CLEVELAND HOUSING RENEWAL :
PROJECT :
: CASE NO. 1:08-CV-3003
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 47-1, 50-1.]
DEUTSCHE BANK TRUST :
COMPANY, *et al.* :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants move this Court to stay the proceedings pending the resolution of their appeal, or, alternatively, to stay the proceedings on an interim basis until the Sixth Circuit Court of Appeals can rule on a motion for a stay. [Doc. 47-1, 47-2.] In deciding whether the stay is appropriate, this Court must balance: "1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay." *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001).

Because Defendants have not shown that the balance of these factors favors this Court's granting of the stay, this Court **DENIES** Defendants' motion.

Defendants also move this Court to take judicial notice of an order from the Cleveland

-1-

Case No. 1:08-3003
Gwin, J.

Housing Court that they have attached as an exhibit in support of their motion for a stay. [Doc. 50-1.] This Court will **GRANT** that motion and take judicial notice of the order. [Doc. 50-2, Ex. 1.]

### I. Background Facts and Procedure

On March 26, 2009, this Court issued an Opinion and Order granting Plaintiff Cleveland Housing Renewal Project's ("CHRP") motion for remand on abstention grounds. [Doc. 42.] On April 9, 2009, Defendants asked this Court to reconsider its remand order saying that newly discovered evidence relating to abstention warranted reconsideration. [Doc. 43-2.] On April 16, 2009, this Court denied the motion for reconsideration. [Doc. 46.] Defendants now ask this Court to stay this case pending appeal, or, alternatively, to issue an interim stay to allow the Sixth Circuit to rule on a motion for a stay. [Doc. 47-1.]

With this motion, Defendants present many of the same arguments they presented to this Court in their motion for reconsideration: (1) abstention is not appropriate on the facts of this case, (2) the Cleveland Housing Court will not afford Defendants' with an adequate forum because of an alleged bias, and (3) abstention is not appropriate because the federal government has a strong interest in adjudication of this case. [Doc. 47-2 at 2-3.]

### II. Standard of Adjudication

In resolving this motion for a stay pending appeal, this Court must balance: "1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay." *Grutter*, 247 F.3d at 632. The "four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th

Case No. 1:08-3003
Gwin, J.

Cir. 2006). "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

### III. Analysis

This Court has already considered Defendants' arguments on abstention and Defendants' second round of arguments on abstention in the motion for reconsideration. [Docs. 42, 46.] This continued reconsideration is generally disfavored because it contradicts notions of finality and repose. *See Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). This case involves an issue of local nuisance law and local housing inventory, and not, as Defendants suggest, an issue of banking regulation. [Doc. 47-2 at 5-6.] Because of the strong state interest in this alleged public nuisance, Defendants have not shown a likelihood of success on the merits.

Defendants also say that they will be irreparably harmed if this Court does not stay the case. First, Defendants say that the Cleveland Housing Court may appoint a receiver on the Defendants' properties. Defendants say that this will cause irreparable damage because a receiver could then impose a "super-lien" on the properties. [Doc. 47-2 at 13.] Although this super-lien may prevent Defendants' from exercising some of their property rights, the likelihood of this injury is uncertain. The Cleveland Housing Court will not appoint a receiver unless the court first determines at a hearing that the property is a public nuisance. O.R.C. § 3767.41. The connection between this Court's denial of a stay pending appeal and the injury to Defendants' property rights is tenuous. This injury is only likely if the Defendants' properties are a public nuisance.

-3-

Case No. 1:08-3003
Gwin, J.

Defendants also say that they will be harmed if the Court does not stay this case because they say that the Cleveland Housing Court judge is biased against them. This Court already addressed this argument in the motion to reconsider and noted that the Ohio Legislature has established a procedure to remedy any alleged bias, OR.C. § 2701.031, and Ohio appellate courts have jurisdiction to review any adverse ruling from the Cleveland Housing Court, 4 OHIO JUR. 3d APPELLATE REVIEW § 31 (citing O.R.C. §1901.30).

This case also involves a risk of harm to others if the Court grants the stay the stay because this case involves an alleged public nuisance. In its Complaint, Plaintiff CHRP alleged that the properties owned by Defendants were a public nuisance and sought an order compelling Defendants to "abate the Public Nuisance at all its Properties in accordance with the standard for abatement stated in [O.]R.C. [§] 3767.41(A)(3)." [Doc. 1-3 at 9.] Staying the case would cause a delay in the adjudication of controversy and would mean that the public will continue to suffer from this alleged public nuisance.

On the balance of these factors, and for the reasons stated in this Court's Orders on the motion to remand and the motion to reconsider, this Court holds that Defendants have not shown that a stay is warranted. Accordingly, this Court **DENIES** Defendants' motion for a stay pending appeal or for an interim stay until the Sixth Circuit rules upon a motion to stay. [Doc. 47-1.]

IT IS SO ORDERED.

Dated: May 19, 2009            s/     *James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE