IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVELAND HOUSING RENEWAL PROJECT, INC.<br>1956 W. 25th Street, Suite 200<br>Cleveland, OH 44113 | : : : : : | CASE NO. 1:08-cv-03003<br><br>JUDGE CHRISTOPHER BOYKO |
| -v- | : : | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ANY SPECIFIC RESIDENTIAL MORTGAGE-BACKED SECURITIZATION TRUSTS AT ISSUE<br>1761 East Saint Andrew Place<br>Santa Ana, CA 92705 | : : : : : : : : : | |
| -and | : : | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE OF ANY SPECIFIC RESIDENTIAL MORTGAGE-BACKED SECURITIZATION TRUSTS AT ISSUE<br>1761 East Saint Andrew Place<br>Santa Ana, CA 92705 | : : : : : : : : | |
| -and- | : : | |
| CARRINGTON MORTGAGE SERVICES, INC.<br>c/o CT Corporation<br>1300 East Ninth Street<br>Cleveland, OH 44114 | : : : : : : | |
| -and- | : : | |
| HOMECOMINGS FINANCIAL, INC.<br>c/o CSC-Lawyers Incorporating Service<br>50 W. Broad Street, Suite 1800<br>Columbus, OH 43215 | : : : : | |

|  | : |
| --- | --- |
| -and- | : |
|  | : |
| SAXON MORTGAGE SERVICES, INC. | : |
| c/o The Prentice-Hall Corporation | : |
| System, Inc. | : |
| 50 W. Broad Street, Suite 1800 | : |
| Columbus, OH 43215 | : |
|  | : |
| -and- | : |
|  | : |
| BANK OF AMERICA N.A., as successor | : |
| to BAC HOME LOANS SERVICING, | : |
| LP | : |
| c/o CT Corporation | : |
| 1300 East Ninth Street | : |
| Cleveland, OH 44114 | : |
|  | : |
| -and- | : |
|  | : |
| JPMORGAN CHASE BANK, N.A., as | : |
| successor to CHASE HOME FINANCE, | : |
| LLC | : |
| c/o CT Corporation | : |
| 1300 East Ninth Street | : |
| Cleveland, OH 44114 | : |
|  | : |
| -and- | : |
|  | : |
| BARCLAYS CAPITAL REAL ESTATE, | : |
| INC., dba "HOMEQ SERVICING" | : |
| 220 Park Avenue, 4th Floor | : |
| New York, New York 10166 | : |
|  | : |
| -and- | : |
|  | : |
| CERTAIN UNDISCLOSED | : |
| SERVICERS | o0o |

**PLAINTIFF CLEVELAND HOUSING RENEWAL PROJECT, INC.'S SECOND AMENDED VERIFIED COMPLAINT FOR ABATEMENT OF PUBLIC NUISANCE AND INJUNCTION (O.R.C. § 3767.41) & FOR DECLARATION OF BUSINESS PRACTICES AS PUBLIC NUISANCE AND FOR EQUITABLE RELIEF THEREFROM**

Now comes Plaintiff Cleveland Housing Renewal Project, Inc. (hereinafter "CHRP"), by and through undersigned counsel, to file its Second Amended Verified Complaint per Federal Rule of Civil Procedure § 15(a)(2) and (c)(1)(C), and plead as follows[1]:

INTRODUCTION

1. As of the filing of the Amended Verified Complaint, the following listed defendants (collectively, the "Defendant Trustees"), held title to over 126 residential real estate properties in Cleveland, Ohio:

   a. DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee of any specific residential mortgage-backed securitization trusts at issue; and

   b. DEUTSCHE BANK TRUST COMPANY AMERICAS, as trustee of any specific residential mortgage-backed securitization trusts at issue.

The great majority of these properties are held by Defendant Trustees' Real Estate Owned ("REO") divisions as the result of foreclosure proceedings and sheriff's sales at which Defendant Trustees purchased properties and are named as grantee of the title in a sheriff's deed. Many are vacant. Many of the vacant houses are not maintained, have been left unsecured, have been vandalized and are in serious violation of City of

---

[1] This amendment makes only the following changes/corrections to the original pleading: (1) it corrects the misdescription of the relevant Deutsche Bank entities in the Verified and First Amended Verified Complaints (ECF Nos. 1-2 & 63) and therefore relates back to Plaintiff's initial Verified Complaint. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010); Fed. R. Civ. P. 15(c)(1)(C); and (2) "Countrywide Home Loans, Inc." was incorrectly named in the First Amended Complaint (as the result of errors on past title transfer documents) – the correct party name was Countrywide Home Loans Servicer, LP. Countrywide Home Loans Servicing, LP has changed its name to BAC Home Loans Servicing, LP which was then merged into Bank of America, N.A. "HomeEq Servicing" was a misspelling of "HomEq Servicing" on the original First Amended Complaint and Chase Home Finance L.L.C. , by merger, is succeeded by JPMorgan Chase Bank, N.A.

Cleveland municipal housing, health, fire and safety codes. The dangerously blighted conditions of these houses is a *public nuisance* as long as Defendant Trustees own them or until they are demolished. Defendant Trustees' persistent non-maintenance of their REO housing is a violation of multiple municipal ordinances and state laws enacted to protect the public health, safety and welfare from nuisance conditions in houses and neighborhoods.

2. Plaintiff CHRP's original complaint, filed in Cleveland Municipal Housing Court, targeted 24 Deutsche Bank properties which also became the subjects of a temporary restraining order issued by Judge Pianka of the Cleveland Housing Court. Of those original properties, 15 have been demolished (at the Defendant Trustees' expense), 2 have been dismissed from the complaint and 7 original properties remain disputed as to whether a Defendant Trustee was the legal owner as of the filing of the complaint on December 15th, 2008.[2]

3. The Amended Complaint targeted 15 *additional* vacant properties (hereinafter "the Additional Properties"), located in Cleveland neighborhoods that had been showing measurable improvement in renovating and marketing their housing stock, in providing safe streets and in improving their schools and infrastructure. The progress these neighborhoods have realized, and the value of new and rehabilitated houses, continues to be eroded by the activities of Defendant Trustees and Defendant Servicers in maintaining properties in a nuisance condition, as further supported in this Second Amended

---

[2] The Cuyahoga County Recorders Office identified the Defendant Trustees as the owners of record for each of these 7 disputed properties as of the filing of the original complaint – December 15th, 2008. The Defendant Trustees have subsequently produced unrecorded quit claim deeds for most of these 7 disputed properties showing an alleged conveyance to a third party dated before the December 15th, 2008 date but have not produced evidence that the unrecorded deeds were physically delivered to the "buyer" prior to December 15th, 2008, as is required for a legal conveyance of an unrecorded deed under Ohio law.

Complaint.

4. Ignoring the maintenance and repair required to prevent a home from falling into or remaining in blight dramatically decreases the value of the home and the surrounding homes. Recent studies have established that Cuyahoga County properties auctioned at sheriff's sale and held by a bank as REO lose 56% of their market value when they are sold out of REO.[3] Between 2005 and July 2008, 2,941 out of all 12,699 REO properties sold in Cuyahoga County sold for "extremely distressed prices", defined as $10,000 or less.[4] The great majority of these – 2,614 of the 2,941 – occurred in the 18-month period between January of 2007 and July of 2008.[5]

5. This action requests that the Court order Defendant Trustees, and Defendant Servicers exercising control of properties on their behalf, to immediately abate the Nuisance conditions on properties titled to them, both at and after the date of the Amended Complaint, by making necessary repairs required by the applicable statute and municipal ordinances, or alternatively, ***by properly demolishing the property.*** This action also seeks an order prohibiting Defendant Trustees and Defendant Servicers from avoiding their ownership and maintenance responsibilities by conveying title to any of the identified Additional Properties before the Nuisance has been properly abated.

## THE PARTIES

6. Plaintiff CHRP is an Ohio "Nonprofit Corporation" within the meaning of O.R.C. § 3767.41(B) and O.R.C. § 3767.41(C)(3). CHRP has as its principal corporate goal the improvement and renewal of housing and economic conditions in the City of Cleveland.

---

[3] Coulton, C., Hirsh, A., & Schramm, M. (December 2008). *BEYOND REO: Property Transfers at Extremely Distressed Prices in Cuyahoga County, 2005-2008*. Cleveland, Ohio: Case Western Reserve University, Center on Urban Poverty and Community Development.
[4] *Ibid.* at 2.

7. Defendant Trustees are the American subsidiaries of a German company that describes itself as "a leading global investment bank with a strong and profitable private clients franchise". Deutsche Bank was founded in 1870 and has over 82,000 employees in 72 countries. It is a very profitable bank. In the third quarter of 2008, in the midst of a worldwide financial meltdown, Deutsche Bank reported a profit of 1.3 billion dollars. In addition to making money, Deutsche Bank claims to be dedicated to "*Corporate Social Responsibility*", which it describes in its website as, "not as charity but as an investment in society and in its own future. Our goal as a responsible corporate citizen is to create social capital."

8. Defendants Carrington Mortgage Services, LLC; Homecomings Financial, LLC; Saxon Mortgage Services, Inc.; Bank of America N.A., as successor to BAC Home Loans Servicing, LP;[6] JPMorgan Chase Bank, N.A., as successor to Chase Home Finance, L.L.C.; Barclays Capital Real Estate, Inc., dba "HomEq Servicing," and Certain Undisclosed Servicers (hereinafter "Defendant Servicers")[7], are residential mortgage loan servicers, who are currently or who have been in the immediate past responsible for the purchase, management, maintenance, marketing and sale of Defendant Trustees' REO properties, pursuant to the terms of various and numerous trust, pooling and servicing agreements.

---

[5] *Ibid.*

[6] "Countrywide Home Loans, Inc." was incorrectly named in the Amended Complaint (as the result of errors on past title transfer documents) – the correct party name was Countrywide Home Loans Servicer, LP. Countrywide Home Loans Servicing, LP changed its name to BAC Home Loans Servicing, LP which was then merged into Bank of America, N.A.

[7] Because titles to residential properties that have been the subject of subprime, "securitized" mortgages generally do not reveal the servicer it cannot be determined which servicer has contracted with the Defendant for the maintenance of the property in question. The inability to identify the servicer responsible for a particular property is but one reason why Plaintiff CHRP contends that the *business practices* of the Defendants constitute a common law public nuisance. Notwithstanding the above, Plaintiff CHRP has always insisted that Defendant Trustees, as title owners, have the ultimate responsibility to abate the public nuisance conditions identified in this complaint.

## SUMMARY OF LEGAL THEORY: NUISANCE

9. This action seeks to compel Defendant Trustees and Defendant Servicers to comply with state and local laws affecting public health, safety and welfare in regards to the condition of properties Defendant Trustees own and Defendant Servicers manage, maintain or otherwise control, which are the subjects of this Complaint. By this action the Plaintiff seeks the application of the established laws of Nuisance in the State of Ohio and the City of Cleveland, Ohio to the 15 Additional Properties specifically identified in the Amended Complaint.[8]

10. Plaintiff CHRP petitions this Court to declare that each of these Additional Properties is a "Statutory" Public Nuisance as defined by O.R.C. § 3767.41(A)(2). Plaintiff CHRP further seeks such remedial action as provided by O.R.C. § 3767.41, including but not limited to, an order to immediately abate each Public Nuisance.

11. Plaintiff CHRP further petitions this Court to declare as Common Law Public Nuisance the *business practices* of Defendant Trustees and Defendant Servicers with respect to their unlawful practices as residential property owner and servicer, respectively – including but not limited to, their failure to abate nuisance conditions harmful to public health, safety and welfare, and their perpetration and exacerbation of these conditions, even after being cited by the City of Cleveland for serious code violations.

## COUNT ONE: DECLARATION OF PUBLIC NUISANCE

12. The preceding Paragraphs of this Amended Complaint are incorporated into this count by reference.

13. Defendant Trustees are the legal owners of certain real properties at the locations

described in Exhibit A. Evidence of title for each of the Additional Properties, consisting of the current deed of record held by the Cuyahoga County Recorder, is attached hereto and incorporated herein and marked and referred to as Exhibit B.

14. Upon information and belief, each of the Defendant Servicers manage, maintain or otherwise control specific residential real properties in Cleveland owned by Defendant Trustees, including at least one of the Additional Properties, pursuant to the terms of various and numerous trust, pooling and servicing agreements. Because these documents, as with the titles described above, do not identify the *specific properties* whose maintenance and control to which the specific agreements are alleged to apply, the Servicers cannot *at this stage of the action* be tagged with specific Defendant Trustee owned "REO" properties or with a specific Additional Property.

15. The Properties listed in Exhibit A are residential structures within the meaning of "building" as defined by O.R.C. § 3767.41(A)(1).

16. The Additional Properties are presently a Public Nuisance as defined by O.R.C. § 3767.41(A)(2).

17. Title history, occupancy and condition information of each Additional Property is outlined in Exhibit C, incorporated herein.

18. Upon information and belief, each Additional Property has been, or should be, issued a Violation Notice by Plaintiff City of Cleveland. Upon information and belief, at least one of these Additional Properties has been issued a currently pending Condemnation Notice.

19. The Public Nuisance conditions of the Additional Properties are further detailed in photographic evidence dated December 2010 and attached hereto, incorporated herein

---
[8] Specifically: Ohio Revised Code (hereinafter "O.R.C.") §§ 3767.03, 3767.41, City of Cleveland ordinances,

and marked and referred to as Exhibit D.

20. Upon information and belief, neither Defendant Trustees nor Defendant Servicers have requested nor been issued any building permits for repairs requiring permits or for board-up of buildings as required for such activities since Defendant Trustees took ownership of the Properties.

21. Defendant Trustees and Defendant Servicers have had reasonable and ample notice, time and opportunity to abate the dangerous conditions and eliminate the Public Nuisance at each Additional Property but have refused or failed to do so.

22. For the Additional Properties, Plaintiff CHRP petitions this Honorable Court for a declaration of a Public Nuisance as defined in O.R.C. § 3767.41(A)(2), which describes as a Public Nuisance: "a building that is a menace to the public health, welfare, or safety…"

## COUNT TWO:  ORDER OF REMEDIAL ACTION

23. The preceding Paragraphs of this Complaint are incorporated into this count by reference.

24. Plaintiff CHRP further requests such remedial action as provided by O.R.C. § 3767.41, including but not limited to, an order to immediately abate the Public Nuisance, a permanent injunction, or any other relief the Court deems necessary to abate the Public Nuisance at the addresses listed in Exhibit A.

## COUNT THREE:  DECLARATION OF DEFENDANTS' BUSINESS PRACTICES AS A COMMON LAW PUBLIC NUISANCE, REQUEST FOR AN ORDER ENJOINING THE SAME

25. The preceding Paragraphs of this Complaint are incorporated into this count by reference.

26. Defendant Trustees have acquired title to hundreds of residential properties by bidding

---

including but not limited to, §§ 203.07; 209.01; 324.01; 3101.10; and 3103.09, and common law nuisance doctrine.

with judgment liens they held at sheriff's sales of homes subject to foreclosure judgments.

27. As owner to the properties referenced above, Defendant Trustees, or Defendant Servicers acting in their name, have a duty to comply with the housing codes of the City of Cleveland.

28. *As a general business practice*, after taking title to sheriff's sale properties, Defendant Trustees, and the Defendant Servicers acting in their name, fail and refuse to comply with the City of Cleveland Ordinances referenced above.

29. Defendant Trustees' and Defendant Servicers' policy and practice, on a routine and regular basis, of refusing to comply with the codes listed above to protect the public health, safety and welfare, constitutes negligence and unlawful conduct in their business practice.

30. Before transferring title to their properties maintained in a Nuisance condition to third parties, Defendant Trustees, or Defendant Servicers acting in their name, have negligently *failed to disclose to purchasers* the code violations and other health and safety problems burdening the sheriff's sale properties, as required by O.R.C. § 5303.30 and City of Cleveland Certificate of Disclosure Application for Transferring Residential Property.

31. Plaintiff is an Ohio Nonprofit Corporation whose principal corporate goal is the improvement of housing and neighborhood conditions in the City of Cleveland.

32. Plaintiff CHRP corporate goals and objectives have been harmed and thwarted by the business practices of Defendant Trustees.

33. Plaintiff CHRP and the residents of the City of Cleveland have been harmed in their

health, safety and welfare by the unlawful business practices of Defendant Trustees as described in the preceding Paragraphs.

34. The nuisance-producing and propagating business practices of Defendant Trustees, and Defendant Servicers acting in their name, described in the preceding Paragraphs, are the actual and proximate cause of harm to persons who make up the public for whom housing codes and nuisance abatement laws were enacted by municipal and state legislators.

35. Plaintiff CHRP therefore petitions this Honorable Court to declare the business practices of Defendant Trustees and Defendant Servicers acting in their name, in refusing to repair and maintain their owned real property in Cleveland, to constitute a common law Public Nuisance.

36. Defendant Trustees, or Defendant Servicers acting in their name, continue to acquire low value, blighted properties without repairing or maintaining them, as legally required of all property owners, in the manner described in the preceding Paragraphs.

37. Defendant Trustees' and Defendant Servicers' business practices described in the preceding Paragraphs are a continuing and ongoing Nuisance because Defendant Trustees, and Defendant Servicers acting in their name, have and continue to conduct their real estate ownership in violation of statues and ordinances requiring repairs to eliminate Nuisance conditions.

38. Plaintiff CHRP requests equitable relief, including but not limited to, an order restraining Defendant Trustees, and Defendant Servicers acting in their name, from selling residential properties without prior authorization from this Honorable Court and an injunction permanently enjoining Defendant Trustees' and Defendant Servicers' unlawful

business practices as the owner/maintainer of residential property in the City of Cleveland.

WHEREFORE, Plaintiff CHRP prays for relief as follows:

A. Declare as Statutory Public Nuisances the Additional Properties listed in Exhibit A and

B. Declare as a Common Law Public Nuisance the Defendants' *business practices* as described above;

C. Order Defendant Trustees to provide this Court with an accurate and ongoing inventory of all properties in the City of Cleveland which they hold in their own right, or as trustee or fiduciary. The inventory should include the designated Servicer for each property and should identify the properties to which Defendant Trustees own a mortgage judgment lien in an amount in excess of the current market value stated either by the County Auditor for property tax calculation or by the Cuyahoga County Sheriff's appraisal in anticipation of a sheriff's sale;

D. Order Defendant Trustees to maintain as current on a monthly basis the inventory specified in Paragraph B, above;

E. Prohibit Defendant Trustees and Defendant Servicers from taking any legal action affecting the title to or possession of any of their residential Properties in a Nuisance condition without prior authorization from this Court;

F. Permanently enjoin Defendant Trustees and Defendant Servicers from maintaining residential properties in such a manner so as to constitute a Public Nuisance;

G. Permanently enjoin Defendant Trustees and Defendant Servicers from conducting any business practices as an owner of residential property in a manner constituting a Public Nuisance;

H. Order Defendant Trustees and Defendant Servicers to abate the Public Nuisance at <u>all</u> their properties in accordance with the standard for abatement stated in O.R.C. § 3767.41(A)(3);

I. Order Defendant Trustees and Defendant Servicers to abate their common law Public Nuisance business practices by complying with City of Cleveland housing, health and safety codes and other applicable law preventing Nuisance conditions in residential property;

J. Direct the Defendant Trustees to pay the cost of this proceeding, including Plaintiff's attorney's fees and expenses; and

K. For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Thomas C. Wagner
Thomas C. Wagner, Esq. (0003301)
Thomas C. Wagner, LLC
1422 Euclid Avenue, Suite 1610
Cleveland, OH 44115
Phone 216-781-4000
Fax 216-781-5666
wagnert@tcwlawyers.com

VERIFICATION

I, Frank Ford, Executive Director of CHRP, hereby verify and affirm that the facts set forth in the foregoing Complaint are true to the best of my knowledge and belief.

/s/ Frank I. Ford

Frank I. Ford, Executive Director
Cleveland Housing Renewal Project, Inc.

CERTIFICATE OF SERVICE

      I hereby certify that on August ___, 2012 a copy the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

      /S/ THOMAS C. WAGNER